**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DONALD K. ANDERSON,

     Petitioner,

-vs-                                                                                   Case No. 8:03-CV-2287-T-27EAJ

JAMES McDONOUGH,[1]

     Respondent.

_____/

## ORDER

Petitioner, a State of Florida inmate proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is challenging convictions entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondent has filed a response to the petition (Dkt. 9), and Petitioner has filed a reply thereto (Dkt. 10). The matter is now before the Court for consideration on the merits of the petition. An evidentiary hearing is not required for the disposition of this matter. Rules Governing Section 2254 Cases 8(a).

## Background

On July 16, 2001, Ms. Delores Perez placed a 911 call to the Hillsborough County Sheriff's Office to report an incident of domestic violence. Hillsborough County Deputies Murrill and Polczer were dispatched in response to the call. When they arrived at the scene, they entered the residence through an open door and discovered Petitioner, Ms.

---

[1]James McDonough, the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Perez, an unnamed female friend, and two children inside. The deputies observed redness and swelling on Ms. Perez's face. Upon questioning, Ms. Perez stated that the injury was the result of a blow struck by Petitioner. The deputies' efforts to talk with Petitioner regarding the incident were unsuccessful. When Petitioner refused to cooperate with their investigation, the deputies informed him that he would be placed under arrest. Petitioner responded that he was not going to jail, and physically resisted the deputies attempts to handcuff him. Additional deputies were dispatched to the scene in response to Deputy Murrill's call for assistance, and Petitioner was taken into custody.

Petitioner was charged by Information with obstructing a law enforcement officer with violence, battery on a law enforcement officer (two counts), and battery/domestic violence. Represented by counsel, Petitioner proceeded to a trial by jury. At trial, Petitioner asserted that he did not batter the victim, arguing that he was holding their baby when the leg of the chair in which he was seated broke. According to Petitioner, he reached out to brace himself as he fell and accidentally struck the victim in the face. Petitioner further asserted a defense of justifiable use of force to the remaining charges. Petitioner was found guilty as charged and sentenced as a prison releasee reoffender to serve concurrent terms of 5 years on Counts One through Three and time served on Court Four.

Petitioner raised the following issues on direct appeal:

1. The trial court erred in admitting prejudicial evidence regarding the [Petitioner's] bad character;

2. The trial court erred in permitting the prosecutor to repeatedly offer his personal opinions during closing argument;

3. The trial court erred in permitting the prosecutor to make comments during closing argument infringing on the [Petitioner's] right to remain silent;

4. The trial court erred in permitting the prosecutor to make comments during closing argument that improperly appealed to the community conscience;

-2-

5.  The trial court erred in permitting the prosecutor to make comments during closing argument that were not reasonable inferences from the evidence admitted at trial; and

6.  The trial court erred in permitting the prosecutor to make comments during closing argument regarding the defense's failure to call a witness and shifting the burden of proof to the [Petitioner].

Dkt. 9, Ex. B. Petitioner's convictions and sentences were affirmed per curiam without written opinion on August 29, 2003, with the mandate issuing on October 8, 2003. *See Anderson v. State*, 856 So.2d 986 (Fla. 2d DCA 2003).

Petitioner filed a timely request for federal habeas relief asserting the claims he raised as grounds one and three on direct appeal, set forth above. Respondent acknowledges that the petition is timely but argues that it should be denied because Petitioner has failed to make the showing necessary for relief under § 2254(d) (Dkt. 9 at 1). Having reviewed the record, the parties' arguments, applicable statutes, and controlling case law, the Court agrees.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

### Discussion

Because Petitioner filed his petition after April 24, 1996, this matter is governed by 28 U.S.C. § 2254(d).  Even where, as here, a state court denies Petitioner's claims without a written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't. of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002). Because the § 2254 standard focuses on the result of the state proceeding rather than the reasoning that led to it, nothing in the statute requires that adjudication be accompanied by an opinion explaining the state court's rationale. *Id.*

### Ground One

In his first claim for relief, Petitioner asserts that the trial court erred in allowing the arresting officer to give testimony that Petitioner contends inferred that he had a history of resisting arrest, stating:

> The court admitted evidence that [Petitioner] told law enforcement that "I've been sprayed before." The statement of [Petitioner] was highly prejudicial since the reasonable inference was [Petitioner] had resisted arrest on a prior occasion. Evidence of other crimes, wrongs, or prior bad acts are inadmissible.  The evidence

-4-

admitted denied him a fair trial because it had no probative [sic] of a material issue other than bad propensity.

Dkt. 1 at 5.

The following exchange occurred during trial counsel's cross-examination of Deputy Morrill:

Trial counsel: So this individual has been sprayed with pepper spray and you still have to employ your asp baton to get him under control?

Deputy Morrill: Yes, sir. He told us, he said, "I've been sprayed before. This won't bother me."

Trial counsel: Your honor I think -- may we approach?

Court: Sure can.

(A bench conference was had.)

Trial counsel: I'm going to ask either that be stricken or we be granted a mistrial. That gives an indication that this individual has had, and there's been no testimony that this warranted it, that Mr. Anderson has had law enforcement that had to use physical restraints on him. And had to be, I think it's shown, that he's had any prior contact with law enforcement.

The jury may think this is an individual who often gets in trouble with law enforcement.

Prosecutor: I don't think that's a necessary application of that statement. It could mean anything. He could have got sprayed from any situation.

Court: I'm going to deny the motion

Dkt. 9, Ex. A at Tr. 202-03. Trial counsel did not request a curative instruction.

On direct examination, Deputy Polczer was asked to tell the jury what happened when he and Deputy Morrill responded to the domestic violence call. Deputy Polczer testified, *inter alia*, that:

I thought maybe he didn't get enough pepper spray, that some pepper spray would alleviate the situation and he would comply then. So I sprayed him again. It didn't bother him. As a matter of

fact, he told me, he said, "You think that bothers me?  I've been sprayed before and it didn't bother me at all."

Dkt. 9, Ex. A at Tr. 209-210.  Trial counsel did not object to Deputy Polczer's testimony.

Petitioner asserts that the deputies' testimony constituted "evidence of other crimes, wrongs, or prior bad acts," in violation of Florida's rules of evidence (Dkt. 10 at 2; 3).  *See* Fla. Stat. § 90.404(2) (2002).[2] Respondent argues that Petitioner's contention that the "reasonable inference was [he] had resisted arrest on a prior occasion" lacks merit because there are many ways in which a person can come into contact with pepper spray, citing as an example Deputy Hill's testimony that while serving as a Marine chemical warfare instructor, he developed a higher level of tolerance to pepper spray than that of most people (Dkt. 9, Ex. A at Tr. 249).

Having thoroughly reviewed the record, the Court concludes that there is a fundamental flaw in the petition that precludes the discussion of the parties' arguments. Here, the issue is exhaustion of the federal dimension of the claim, a statutory requirement that the State did not expressly waive in this case. See 28 U.S.C. 2254(b)(3) ("A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."). *See also McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (holding that the district court erred in finding that because the state failed to argue the procedural bar, the bar was waived and proceeded to consider the merits of the petitioner's claim).

In *Duncan v. Henry*, the Supreme Court held, clearly and unambiguously, that "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied

---

[2]"Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity." Fla. Stat. § 90.404(2)(a).

him the due process of law guaranteed by the Fourteenth Amendment, *he must say so*, not only in federal court, but in state court." 513 U.S. 364, 365-366 (1995) (emphasis added). As clarified more recently in *Baldwin v. Reese*, a decision focusing upon the requirement that a petitioner for federal habeas relief "fairly present" his claims in state court, "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" 541 U.S. 27, 32 (2004). Even if the state court could have identified and addressed the federal question without its having been raised, the petitioner is not relieved of the burden to raise the federal dimension of his claim in the state court for consideration on the merits. *See Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005).

Like Reese, Petitioner did not "fairly present" the federal dimension of his claim that the trial court erred in denying his motion for a mistrial to the state courts. The brief he filed in the state district court on direct appeal did not indicate in any way that Petitioner was complaining that the trial court's denial of the motion for a mistrial was a violation of federal law. *See* Dkt. 9, Ex. B at 18-19. To the contrary, this issue was raised on direct appeal in state law terms only.[3]   The claim is, thus, not properly exhausted in state court. *See* 28 U.S.C. § 2254(b).

---

[3]As support of this claim in his appellate brief, Petitioner cited *Sexton v. State*, 697 So.2d 833, 837 (Fla. 1997) (where a defendant contends that the trial court improperly admitted evidence of collateral bad acts, the trial court's determination of the relevance of the evidence will not be disturbed on appeal absent an abuse of discretion); *Clark v. State*, 742 So.2d 824 (Fla. 2d DCA 1999) (testimony that the defendant was on probation when the charged offense occurred was "an improper implication of collateral crimes."); *Willis v. State*, 699 So.2d 1090, 1093 (Fla. 3d DCA 1996) (police officer's testimony that the defendant had previous contacts with the police in other "incidents" was unduly prejudicial); and *McGuire v. State*, 584 So.2d 89 (5th DCA 1991) (defendant was entitled to a mistrial when a state witness blurted out during cross-examination details of the defendant's Georgia conviction, which was unrelated to the current charges). None of these cases was decided on federal grounds.

Petitioner has failed to satisfy the requirement that he give the state court an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) (citation omitted). *See also Engle v. Isaac*, 456 U.S. 107, 128-29 (1982) ("The state appellate courts [must have] a chance to mend their own fences and avoid federal intrusion."). A petitioner's claims or portions of claims that are not exhausted but would clearly be barred if returned to state court must be dismissed. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)*; Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993). Here it would be futile to dismiss this case to give Petitioner the opportunity to exhaust his claim because it could have and should have been raised on direct appeal. *See* Fla. R. Crim. P. 3.850(c).[4] Because Petitioner did not present the federal dimension of his claim to the highest state court, it has not been exhausted and is now procedurally barred at the state level.

A federal habeas court may review the merits of a petitioner's claim despite a procedural bar if he can show both "cause for the default and prejudice attributable thereto" or that failure to address the claim on the merits would lead to a fundamental miscarriage of justice, often referred to as the "actual innocence" exception, *see Wainwright v. Sykes*, 433 U.S. 72, 90 (1977). Here, Petitioner offers no reason for his failure to raise the federal nature of this claim on appeal, and the Court discerns none that would amount to good cause to overcome a state procedural default.

The exception to the "cause-and-prejudice" requirement recognized in *Sykes* providing that the standard developed therein would not bar habeas relief for a victim of a "miscarriage of justice" is also unavailing to Petitioner's cause. *See id*. Petitioner does not

---

[4]Under Fla. R. Crim. P. 3.850(c), "grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal" are procedurally barred from collateral review.

assert that he has "new" reliable evidence of factual innocence, *see Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001), and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of this claim. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).

Because Petitioner fails to proffer "specific facts which support a finding that one of these exceptions to the procedural default rule exists," *see Hill v. Jones*, 81 F.3d 1015 (11th Cir. 1996), it would be improper for this Court to address the merits of this claim, *see Kight v. Singletary*, 50 F.3d 1539, 1541 (11th Cir. 1995).

**Ground Two**

Petitioner contends that the trial court erred in allowing the prosecutor to comment during closing argument on Petitioner's right to remain silent. In support of this claim, Petitioner states that:

> The prosecutor during closing argument stated: "If [Petitioner] had just talk[ed] to the officer, the officer would not have resorted to physical force. Why not explain your side of the story? If this is as innocent as he wants you to believe." This was a direct infringement on [Petitioner's] right to remain silent. [Petitioner] has a constitutional[ly] protected right to remain silent.[5]

Dkt. 1 at 5 (footnote added).

As discussed *supra*, this claim was raised on direct appeal. In its appellate brief, the State argued, *inter alia*, that because the issue was not preserved at trial, it was procedurally defaulted under the contemporaneous objection rule. While the record supports the State's position, Respondent waived the procedural default argument in these proceedings by not asserting it in the response to the petition. *See McNair v. Campbell*,

---

[5]In his reply, Petitioner cites the Fifth Amendment as legal support for this claim (Dkt. 10 at 4).

416 F.3d 1291, 1306 n. 14 (11th Cir. 2005) (citing *Romaine v. Head*, 253 F.3d 139 (11th Cir. 2001)).  Here, Respondent argues instead that Petitioner's claim is foreclosed by the Supreme Court's holding in *Jenkins v. Anderson*, 447 U.S. 231 (1980).

It is well established that a defendant's silence after *Miranda*[6] warnings have been given cannot fairly be used against him at trial as evidence of guilt. *Wainwright v. Greenfield*, 474 U.S. 284 (1986) (silence cannot be used as affirmative proof of a fact in issue); *Griffin v. California*, 380 U.S. 609 (1965) (the Fifth Amendment prohibits prosecutorial comment on the defendant's silence); *United States v. Rivera*, 944 F.2d 1563 (11th Cir.1991) (same). Efforts to extend Fifth Amendment protection to a defendant's silence before his arrest have, however, proven unsuccessful. While the holdings in *Doyle v. Ohio*, 426 U.S. 610 (1976), and its progeny, *see, e.g., Fletcher v. Weir*, 455 U.S. 603 (1982), and *Jenkins v. Anderson*, 447 U.S. 231 (1980), mandate that a defendant's exculpatory testimony cannot be impeached by his post-*Miranda* silence on the ground that he did not give an explanation for his conduct at the time of arrest, a prosecutor may comment during closing argument on a defendant's prearrest pre-*Miranda* silence.

> Once a defendant decides to testify, "[t]he interests of the other party and regard for the function of courts of justice to ascertain the truth become relevant, and prevail in the balance of considerations determining the scope and limits of the privilege against self-incrimination." *Brown v. United States*, 356 U.S. 148, 156, 78 S.Ct. 622, 627, 2 L.Ed.2d 589 (1958).

> Thus, impeachment follows the defendant's own decision to cast aside his cloak of silence and advances the truth-finding function of the criminal trial. We conclude that the Fifth Amendment is not violated by the use of prearrest silence to impeach a criminal defendant's credibility.

---

[6]Established in *Miranda v. Arizona*, 384 U.S. 436 (1966), the Fifth Amendment right to remain silent is intended to operate prophylactically  to protect a defendant from making self-incriminating statements during his arrest or interrogation that might be used against him in the course of subsequent legal proceedings. *Id.* at 478-79.

> The petitioner also contends that use of prearrest silence to
> impeach his credibility denied him the fundamental fairness
> guaranteed by the Fourteenth Amendment. We do not agree.
> Common law traditionally has allowed witnesses to be impeached
> by their previous failure to state a fact in circumstances in which that
> fact naturally would have been asserted. 3A J. Wigmore, Evidence
> § 1042, p. 1056 (Chadbourn rev. 1970).

*Id.* at 238-39. *See also Tucker v. Francis*, 723 F.2d 1504, 1510 (11th Cir. 1984) (citing

*Jenkins, supra*), *reversed on other grounds, Tucker v. Kemp,* 776 F.2d 1487 (11th Cir.

1985); *State v. Hoggins*, 718 So.2d 761, 770 (Fla. 1998) (citations omitted).

More recently, the Supreme Court discussed a prosecutor's comments regarding

the defendant's prearrest silence, stating:

> The "implicit assurance" upon which we have relied in our *Doyle* line
> of cases is the right-to-remain-silent component of *Miranda*. Thus,
> the Constitution does not prohibit the use for impeachment
> purposes of a defendant's silence prior to arrest, *Jenkins v.*
> *Anderson,* 447 U.S. 231, 239, 100 S.Ct. 2124, 2129, 65 L.Ed.2d 86
> (1980), or after arrest if no *Miranda* warnings are given, *Fletcher v.*
> *Weir,* 455 U.S. 603, 606-607, 102 S.Ct. 1309, 1312, 71 L.Ed.2d 490
> (1982) (*per curiam*). *Such silence is probative and does not rest on*
> *any implied assurance by law enforcement authorities that it will*
> *carry no penalty. See* 447 U.S. at 239, 100 S.Ct., at 2129.

*Brecht v. Abrahamson*, 507 U.S. 619, 628 (1993) (emphasis added).

Petitioner's silence was inconsistent with his testimony at trial, as summarized in

Petitioner's appellate brief:

> [Petitioner] testified that he was engaged to Ms. Perez and that they had
> been together for three-and-a-half years. (V. 4, 279) He and Ms. Perez had
> one child and were expecting another child. (V. 4, 280) [Petitioner] admitted
> that he had previously been convicted twice of a felony. (V. 4, 280, 310)
>
> The [Petitioner] testified that on June 16, 2001, he and Ms. Perez were
> involved in an argument prior to arriving at their friend's house. (V.4, 281)
> Once they arrived at their friend's house, they were playing cards. (V.4, 281)
> The [Petitioner] was holding the baby and rocking in the chair when one of
> the legs bent on the plastic chair. (V. 4, 281) The [Petitioner] reached for the
> wall behind him to brace himself and he accidentally hit Ms. Perez in the eye.
> (V. 4, 281-282, 301-302) Ms. Perez became upset because she thought that

-11-

> it was the result of the earlier argument. (V. 4, 282) Ms. Perez wouldn't listen to the [Petitioner] so he told her to go ahead and call the police. (V. 4, 283) . . . .
>
> [Petitioner] acknowledged that he never told the deputies that the injury to Ms. Perez was the result of an accident. (V. 4, 307)

Dkt. 9, Ex. B at 14-17.

Deputy Murrill testified that when he entered the house, Petitioner was holding a cell phone. According to Deputy Murrill, he asked Petitioner to "hang up the phone so we can find out what happened." Petitioner stated that he was calling 911 and began backing away from the deputies, ignoring their request that he talk with them about the events leading up to Ms. Perez's injury. When Petitioner turned and walked away from the deputies without explanation, a physical altercation ensued. *See* Dkt. 9, Ex. A at Tr. 179; 195. Deputy Polczer testified that he and Deputy Murrill "went over to try to talk to the subject, the [Petitioner]. And he would not cooperate whatsoever," corroborating Deputy Murrill's testimony regarding the events preceding Petitioner's arrest. *See* Dkt. 9 at 208; 214; 223.

Trial counsel did not object to the deputies' testimony regarding Petitioner's refusal to speak with them about Ms. Perez's injury or to the prosecutor's comment during closing argument regarding Petitioner's prearrest silence.

Based on Petitioner's description of events leading up to his arrest, the Court concludes that this is not an instance of the State violating the implied assurance in the *Miranda* warnings that silence will carry no penalty. *See Wainwright v. Greenfield,* 474 U.S. at 291. Here, the prosecutor's comments during closing argument, directed only at Petitioner's prearrest pre-*Miranda* silence, did not violate his Fifth Amendment right to remain silent or his right to due process. The comment clearly related to Petitioner's failure to respond to an inquiry directed to him by a law enforcement officer, not a failure to offer

a statement, denial or explanation unprompted by a direct question. *See Jenkins, supra*, at 239-40.

Finally, in his reply to the response, Petitioner expands the scope of this claim, asserting that "[t]he prosecutor's comment on the failure of Petitioner to call witness [sic] was a direct blow to giving him a fair trial and the constitution forbid [sic] this denial of right." Dkt. 10 at 5.[7] While Petitioner presented this claim as ground six on direct appeal, he failed to raise the claim in his § 2254 petition. He offers no explanation for his failure to do so, and he has not sought leave to amend the petition. When Petitioner prepared his petition, he was instructed to raise every ground for relief therein and cautioned that he may be barred from presenting additional grounds at a later date (Dkt. 1 at 4). *See also* Rule 2(c), Rules Governing Section 2254 Cases (2002). Because the claim was not presented in the § 2254 petition, it is not properly before this Court.

Even if this claim were properly before the Court, it is legally insufficient to support a request for relief under § 2254. Petitioner fails to present <u>any</u> factual support for the allegation. To secure a hearing on his claims, a habeas petitioner must allege facts, which, if true, would entitle him to habeas relief. *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc). The law does not require a federal habeas court to hear a claim based entirely on conclusory allegations wholly devoid of specifics. *See Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (en banc). A state prisoner seeking habeas relief in a federal court carries the burden of establishing that the state court's resolution of his claim was

---

[7]As discussed *supra*, the altercation between Petitioner and Ms. Perez occurred in a friend's home. When the deputies arrived at the scene, the friend was inside the house with Petitioner, the victim and two children. The deputies testified that when they entered the house, the victim told them that Petitioner had struck her in the face (Dkt. 9, Ex. A at Tr. 178). Although the victim's friend was present when the incident occurred, she was not called to testify by either the defense or the State. During closing argument, the prosecutor stated: "And what about this third person that was at the house. Let's go and get her." Dkt. 9, Ex. A at Tr. 343. No further reference was made to the absence of this potential witness by the prosecutor.

contrary to, or an unreasonable application, of federal law. Petitioner has failed to carry this burden and the Court cannot conjure up facts to support a petitioner's claim.

The Court finds that Petitioner has failed to establish that the state appellate court's adjudication of these claims was contrary to, or an unreasonable application of, clearly established Federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.  Thus, Petitioner has failed to demonstrate that he is entitled to relief on Ground Two.

### Conclusion

For reasons set forth above, the Court finds that Petitioner request for federal habeas relief should be denied.

ACCORDINGLY, the Court **ORDERS** that:

1.  The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2.  The **Clerk** is directed to enter judgment against Petitioner, terminate all pending motions, and close this case.

**ORDERED** in Tampa, Florida, on _____, 2007.


JAMES D. WHITTEMORE
United States District Judge

Copy to: All Parties/Counsel of Record
SA:jsh

-14-